SOMMERS OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16204.   Promulgated May 15, 1931.

*E. R. Campbell, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

BLACK: The parties have stipulated that the question of proper allowances for depreciation raised by paragraphs " 4–a " and " 4–b " of the petition may be disposed of by reducing the net income determined by the respondent for the year 1921, as set forth in the deficiency letter of March 23, 1926, in the sum of $592.98. This will be done upon redetermination.

The only question remaining is that raised by petitioner's assignment of error (c), which reads as follows: "(c) The Commissioner failed to allow proper deduction as a bad debt $7,708.17, owing to it by the Bell Filling Station Company, and charged off on the books of the taxpayer during the calendar year 1921." Respondent admits that the debt was charged off by the petitioner in 1921, but denies that the worthlessness of the debt was ascertained during 1921; denies that it in fact ever became worthless, and asserts that, on the contrary, petitioner collected such debt in full in 1922. Cases of this kind depend mainly upon the facts in each case and only general rules can be laid down as guides to their decision. We do not think that the debt here in question can be said to have been ascertained as worthless in 1921, or that in fact it ever was worthless.

During the latter part of 1921, after a full and thorough investigation, petitioner, in order to protect itself and control whatever court proceedings were necessary and prevent bankruptcy of the Bell Filling Station .Company, acquired by purchase or assignment, the

claims of the Home Savings Bank & Trust Company in the sum of $6,908.30 and that of I. Rude of approximately $3,663.21. Combining these claims with its own, it brought suit against the Bell Filling Station Company and obtained judgment for $18,279.68, upon which execution was issued and levied upon the filling station and its equipment and at sheriff's sale the petitioner became the purchaser and took possession.

By these proceedings petitioner came into possession of all the property of its debtor except $10,000, which was on deposit with Evans Investment Company to secure payment of the rent due under the lease and claimed by both R. H. Bell and the Bell Filling Station Company. It is true that when the debt was charged off, December 31, 1921, the legality of petitioner's possession of these assets was being vigorously disputed and various and sundry suits were being threatened, but nevertheless petitioner was in possession of valuable property which it had seized for collection of its debt, and under these circumstances we do not think it could be properly held that petitioner ascertained its debt to be worthless in 1921.

The fact that it collected its debt in full from the debtor within the period of redemption allowed by the laws of the State of Colorado, while not a conclusive circumstance against petitioner's contention that it ascertained the debt to be worthless in 1921, nevertheless is a very persuasive circumstance against such contention and, taken in connection with other evidence in the case, negatives petitioner's contention that it ascertained the debt to be worthless in 1921. *O. D. Haskett Lumber Co.*, 19 B. T. A. 714; *Equity Silk Corporation*, 21 B. T. A. 1114; and *American Trust Co.* v. *Commissioner*, 31 Fed. (2d) 47.

We, therefore, conclude that respondent did not err in refusing to allow petitioner to deduct the $7,708.17 as a worthless debt in determining its net income for 1921.

*Decision will be entered under Rule 50.*